WALLACE, JUDGE:
Claimant was driving alone in his 1973 Caprice automobile the night of April 30, 1974, at approximately 9:40 p.m. in Charleston, West Virginia. It was raining and the streets were wet. He was proceeding from his home at Campbells Creek on U.S. Rt. 60 to his job in Parkersburg, West Virginia. His usual route was over Piedmont Road, crossing the Spring Street Bridge and entering Interstate 77 at the Westmoreland approach. On the night of the accident, due to construction, he proceeded westerly on Kanawha Boulevard intending to go from there to Pennsylvania Avenue. He turned off Kana-wha Boulevard in a northerly direction onto relocated Columbia Avenue, which is a one-way street going north. For several blocks north of Kanawha Boulevard, Columbia Avenue *6 was a construction area in connection with its relocation and work on adjacent interstate bridge approaches. The claimant testified that he followed another car along the Avenue, crossing the intersections of Virginia Street and Randolph Street. After crossing Randolph Street, the car in front stopped and turned around because the road was blocked by a crane and construction material. The claimant was also forced to turn around. As he retraced his course, he re-entered, without stopping, the intersection of Randolph Street. As he drove into the intersection he was struck by an automobile coming from the east. The claimant contends that there were no signs or signals to warn of the danger.
The claimant testified that the owner of the car that struck him threatened to sue for damages, and to avoid litigation, he settled for $716.00. He further stated that repairs to his car amounted to $1,200.00, that he lost two weeks’ work, and that he incurred medical expenses of $150.00 as the result of two or three broken ribs. No documentary proof of these damages was introduced, although the claimant was allowed additional time to supply the Court with the same.
Larry Allen Deitz, Project Engineer for the respondent, testified that, during the construction of the road, there were barricades and signs which were removed in December, 1974. He stated that the signs and barricades were moved from time to time for the movement of equipment, but that Columbia Avenue was not kept open because of various materials and equipment.
Danny Lee Lucas, an inspector for the Department of Highways, testified that in April, 1974, there were “Street Closed” signs on Columbia Avenue at its intersection with the Kanawha Boulevard, but there was ample room for a vehicle to go around. On Randolph Street there were “Construction Ahead” signs and amber flasher lights mounted on 55-gallon drums to warn of the construction. He also stated that the signs and barricades were so placed as to allow people who lived in the construction area a means of ingress and egress.
Willis J. Cox, the Superintendent of Construction for Bates and Rogers Construction Corporation, testified that he super *7 vised the construction job from about 50 feet north of Kanawha Boulevard northerly to Washington Street. He stated that at the time of the accident, Columbia Avenue was paved, but there were barricades and signs which stated either “Street Closed” or “Road Closed”, which signs remained until the road was opened for traffic. He further testified that, although equipment was parked on the Avenue, a portion was left open to allow local residents to come and go. Also, a fire lane was required to be left open in case of fire.
The Court finds that the record does not indicate any negligence on the part of the respondent that would warrant a recovery for the claimant. The record establishes that the claimant was driving in a construction area over an avenue that was closed to the public. The claimant testified that there were several factors that prevented him from knowing he was crossing the intersection; namely, it was raining, he was following another car, and he wasn’t looking. It is apparent from the record that the claimant’s negligence was the cause of the accident.
Accordingly, the Court hereby disallows the claim.
Claim disallowed.